## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTHONY PATRICK MURPHY**,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| SLIP-N-SLIDE RECORDS, INC., a Florida corporation, | |
| *Defendant*. | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Anthony Patrick Murphy ("Murphy" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Slip-N-Slide Records, Inc. ("Slip-N-Slide" or "Defendant Slip-N-Slide") to stop its practice of sending unsolicited text messages to cellular telephones without the recipients' prior express written consent and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.      Defendant is a record label that produces and distributes music to consumers throughout the United States.  Defendant's roster of past musicians includes local rappers Trick Daddy Dollars and Rick Ross.

1

2.      To promote its artists, Defendant sends text messages to consumers using an autodialer on their cellular telephones without their prior express written consent. Defendant conducted (and continues to conduct) wide-scale telemarketing campaigns that feature the repeated sending of unwanted solicitation text messages to consumers' cellular telephones without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3.      The TCPA was enacted to protect consumers from text messages like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all solicitation text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

## PARTIES

4.      Plaintiff Anthony Patrick Murphy is a natural person residing in the City of Mansfield in the State of Texas.

5.      Defendant Slip-N-Slide is a company with a principal place of business located at 919 Fourth Street, Miami Beach, Florida 33139.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, solicits consumers in this District, sent and continues to send unsolicited text messages to this

District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because a significant portion of the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

8.  In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base.

9.  Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

10.  Furthermore, as explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11.  Yet, in violation of this rule, Defendant fails to obtain any prior express written consent to send solicitation text messages to consumers' cellular telephone numbers.

12.     At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing text messages are being sent to consumers' cellular telephones through its own efforts and/or its agents'.

13.     Defendant knowingly sent (and continues to send) unsolicited telemarketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF**

14.     On October 26, 2017, Murphy received a text message on his cellular telephone from telephone number 917-717-3491 that read, "Drake & Rihanna want to Sign this Singer What you Think? Apple https://goo.go/KEmm2V Google https://goo.gl/n31jtN Spotify https://goo.gl/xCg6kP" (the "Text Message").

15.     A screenshot of the Text Message is produced below:



16.     Each of the links provided on the Text Message directed Plaintiff to a webpage wherein he could purchase one of Slip-N-Slide's recording artist's albums.

17.     As an example, the link, https://goo.gl/xCg6kP, directed the recipient to the following website:



18.     As shown below, Teenear is a recording artist signed to Defendant's label.





19.     The Text Message sent to Murphy encouraged him to purchase Teenear's music which directly benefits Slip-N-Slide.   In other words, Defendant sent the Text Message to Plaintiff's cellular telephone in an attempt to solicit his business and ultimately increase its bottom line.

20.     Murphy is unfamiliar with Slip-N-Slide records and its recording artists.

21.     Slip-N-Slide controls or otherwise utilizes the telephone number 917-717-3491 to send solicitation text messages to consumers.

22.     In sending these text messages, Defendant took no steps to acquire the prior express written consent of Plaintiff or the Class Members.

23.     Defendant sent the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers throughout the United States.

24.     To send the Text Message, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agents) has

the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

25.     Defendant was and is aware that text messages were and are being made without the prior express written consent of the text message recipients.

26.     Defendant knows, or is reckless in not knowing, that its text messages to these cellular subscribers are unauthorized. Ultimately, consumers are forced to bear the costs of receiving these unsolicited and unauthorized text messages.

27.     Upon information and belief, and via investigation by Plaintiff's attorneys, each of the text messages sent to Plaintiff and the Class are affiliated with Defendant.

28.     Murphy did not request that Slip-N-Slide and/or its affiliates send text messages to him or offer him its services using an ATDS.  Simply put, Murphy has never provided his prior express written consent to Slip-N-Slide to send solicitations text messages to him.

29.     By sending unauthorized text messages as alleged herein, Slip-N-Slide has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Murphy's use and enjoyment of his cellular telephone, in addition to the wear and tear on the cellular telephone's hardware (including the cellular telephone's battery) and the consumption of memory on their cellular telephones. In the present case, an unsuspecting consumer could be subjected to many unsolicited and unwanted text messages as Slip-N-Slide fails to receive a call-recipient's prior express written consent.

30.     In order to redress these injuries, Murphy, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits solicitation text messages to cellular telephones.

31.     On behalf of the Class, Plaintiff seeks an injunction requiring Murphy to cease all wireless text-messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seek certification of the following Class:

> **Text Message No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent solicitation text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to send automated text messages to the Plaintiff.

33.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

34.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

35.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes on their cellular telephones; and
>
> (c) whether Defendant obtained prior express written consent to contact any class members.

36.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

37.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Text Message No Consent Class)**

38.     Plaintiff repeats and re-allege the foregoing paragraphs of this Complaint and incorporates them herein by reference.

39.     Defendant sent solicitation text messages to cellular telephone numbers belonging to Plaintiff and other members of the Text Message No Consent Class without first obtaining prior express written consent to receive such autodialed solicitation text messages.

40.     Defendant sent the text autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

41.     By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Text Message No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42.     As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

43.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

**PRAYER FOR RELIEF**

44.     An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing his counsel as Class Counsel;

45.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

46.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

47.     A declaratory judgment that Defendant's text-messaging equipment constitutes an automatic telephone dialing system under the TCPA;

48.     An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful text-messaging practices;

49.     An order requiring Defendant to identify any third-party involved in the autodialed text messaging as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

50.     An injunction requiring Defendant to cease all unsolicited autodialed text-messaging activities, and otherwise protecting the interests of the Classes;

51.     An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages made with such equipment;

52.     An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

53.     An injunction prohibiting Defendant from conducting any future autodialing activities until they have established an internal Do Not Call List as required by the TCPA;

54.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

55.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 17, 2017


Respectfully Submitted,

| HIRALDO P.A. | LAW OFFICES OF STEFAN COLEMAN P.A. |
|---|---|
| */s/ Manuel S. Hiraldo*<br>Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713 | Stefan Coleman, Esq.<br>Florida Bar No. 00030188<br>201 S. Biscayne Blvd., 28th Floor<br>Miami, Florida 333131<br>Telephone: (888) 333-9427<br>Facsimile: (888) 498-8946 |
| *Counsel for Plaintiff and the Class* | *Counsel for Plaintiff and the Class* |